(49 Misc. Rep. 134)

ADLER v. WEIR.

(Supreme Court, Appellate Term. December 27, 1905.)

CARRIERS—TERMINATION OF RELATION—LIABILITY AS BAILEE.

Where a carrier transported the goods to the consignee and tendered delivery to him, which the consignee refused to accept, its duty as carrier was performed, and, although it failed to notify the consignor of the consignee's refusal to accept the goods, it was not liable for the subse-

quent loss of the goods by theft from it, in the absence of proof of negligence as a bailee.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 329.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Joseph Adler against Levi C. Weir, as president of the Adams Express Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Guthrie, Cravath & Henderson, for appellant.
Emanuel J. Livingston, for respondent.

MacLEAN, J. The plaint of the plaintiff is that on August 25, 1904, he delivered a package of men's trousers to the defendant the United States Express Company, consigned to one George Chylak, Olyphant, Pa.; that the United States Express Company delivered said package for transportation to the defendant the Adams Express Company; that thereafter, the latter company tendering delivery and the consignee refusing to accept, the package was returned to the office of the Adams Express Company; that the defendants failed and neglected to notify the plaintiff, the consignor, of nonacceptance by the consignee; and that thereafter he was informed that the package had been stolen or lost, and for that reason could not be returned to him. The action was discontinued as to the United States Express Company, and part of the package of trousers was returned to the plaintiff at the trial.

When the carrier transported and tendered delivery to the consignee, and the consignee refused to accept, it performed its duty as carrier, and thereafter assumed another relation. While it has not been flatly determined in this state that notice under any and all circumstances to the consignor by the carrier is not required, the cases cited containing expressions looking that way seem to be cases where the consignor had been otherwise apprised of the fact or where there had not been a complete refusal to accept by the consignee. Assuming, but without deciding, that it was the duty of the carrier herein to notify the consignor of the refusal of the consignee to accept, it must be determined that its failure so to do was not proximate to the loss of the goods, and "where the refusal to deliver is explained by the fact appearing that the goods have been lost, either destroyed by fire or stolen by thieves, and the bailee is therefore unable to deliver them, there is no prima facie evidence of his want of care, and the court will not assume in the absence of proof on that point that such fire or theft was the result of his negligence." Claflin v. Meyer, 75 N. Y. 260, 262, 31 Am. Rep. 467. Loss by theft herein appearing, the plaintiff was not entitled to recover in the absence of proof that the defendant as bailee was negligent.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.